# Supreme Court of Texas

No. 24-0833

City of Houston,

*Petitioner,*

v.

Ashley Harris,

*Respondent*

On Petition for Review from the
Court of Appeals for the Fourteenth District of Texas

JUSTICE YOUNG, with whom Justice Devine joins, concurring in the denial of the petition for review.

If a party's admission has been superseded by an amended admission, does the superseded admission constitute "evidence" that can preclude summary judgment? That is, does the very act of amending one's statement on a material issue create a genuine dispute of material fact? I doubt it. But this Court will need to answer the question at some point because the two Houston courts of appeals answer the question differently, which places that region's trial courts in quite a bind. I agree with the Court, however, that this case is not the right one in which to do so, and I write separately to explain why and to call attention to the issue so that, in a proper case, this Court's review might be facilitated.

By way of a brief background, a Houston police officer was heading to work in an unmarked, city-owned truck when he collided with Harris, who sued the City for damages under the Texas Tort Claims Act. In its initial responses to Harris's requests for admission, the City conceded that the officer had been acting within the scope of his employment when the accident occurred. After conducting more discovery, and with the trial court's leave, the City changed its admission to a denial. The City then moved for summary judgment, arguing that it was immune from Harris's claims because the officer had acted outside the scope of his employment. The trial court denied the motion.

The Fourteenth Court of Appeals affirmed, reasoning that "[e]ven though superseded admissions cease to be conclusive judicial admissions, they are still evidence," and the "evidence is sufficient to raise a genuine issue of material fact as to whether [the officer] was acting within the scope of his employment at the time of the accident." No. 14-23-00423-CV, 2024 WL 2820887, at *3–4 (Tex. App.—Houston [14th Dist.] June 4, 2024) (citation omitted).

Yet in a case with the same defendant and very similar facts, the First Court held that superseded admissions do not constitute summary-judgment evidence once a party has properly amended them. *Valdez v. City of Houston*, No. 01-21-00070-CV, 2022 WL 3970066, at *4 (Tex. App.—Houston [1st Dist.] Sept. 1, 2022, no pet.). Once "[t]he trial court granted the City's motion to amend its discovery responses[,] . . . the City's initial admissions were no longer before the trial court nor was the court at liberty to consider them as evidence in ruling on the City's motion for summary judgment." *Id.* There are some procedural differences between the two

2

cases, but I read them to reflect fundamentally different understandings of the role of superseded admissions.

I express no final view of the underlying dispute about the rules, although at first blush the First Court's approach seems more logical. Once a response has been properly amended, it replaces the old admission, which is why the *new* admission is what binds the party. Requests for admission are a procedural tool to streamline and facilitate the early discovery process; converting errant statements into "evidence" that automatically precludes summary judgment can only increase the time and cost of responding to requests for admission and gum up the litigation process. As so often seems to happen in the law, something designed to make things easy, economical, and efficient can, in the hands of lawyers and judges, end up making things onerous, expensive, and time-consuming.

But perhaps I am wrong. Regardless, this Court may soon need to resolve the matter. In our State's largest city, a trial court cannot know whether an appeal will go to the First or Fourteenth Court, but the unknowable answer to that question can determine whether a motion for summary judgment in a case like this one must or must not be granted.

This case does not provide as good an opportunity to eliminate the confusion as I had hoped. The City's failure to object to the admissibility of its superseded admissions as summary-judgment evidence except on grounds of timeliness means that the lower courts did not have the full opportunity to flesh out the issue. In future cases, I anticipate that litigants will focus on it, which—who knows?—may even allow the appellate courts to reassess the matter. Indeed, having courts of appeals from other parts of Texas weigh in would be of great benefit before this

Court must act. So I agree with the Court's decision to deny the City's petition for review, but if the division remains intact, I expect to vote to grant a future petition in which it is implicated.

Evan A. Young
Justice

**OPINION FILED:** October 31, 2025